**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 24, 2020[*]
Decided February 26, 2020

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 19-1259

| | |
|---|---|
| STEVEN M. STATHAS, JR., <br> *Plaintiff-Appellant*, | Appeal from the United States District <br> Court for the Eastern District of Wisconsin. |
| *v.* | No. 18-CV-1456 |
| JUDY SMITH, *et al.*, <br> *Defendants-Appellees*. | William E. Duffin, <br> *Magistrate Judge*. |

**O R D E R**

Steven Stathas, a Wisconsin inmate, said he could not afford the photocopying costs for the brief he needed to file to appeal the revocation of his supervised release. Fearing that the state appellate court would dismiss his case for noncompliance with procedural rules, he sued prison and state officials under 42 U.S.C. § 1983 for denying

---

[*] The defendants were not served with process and are not participating on appeal. We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

him access to the courts. A magistrate judge screened the complaint under 28 U.S.C. § 1915A(a) and dismissed it for failure to state a claim.† We affirm.

After his extended supervision was revoked in 2017, Stathas unsuccessfully petitioned the state trial court for release, and then appealed. Wisconsin's appellate court rules required him to file five copies of his brief with the court. See WIS. R. APP. P. 809.81. Stathas alleged that he did not have money to make copies, so he sought a loan from the prison, in accordance with a state policy that provides annual loans up to $200 to inmates for paper, photocopy work, or postage. See WIS. ADMIN. CODE DOC 309.51. He received $50. The prison's warden denied his demand for additional funds, and the appellate court rejected his request to proceed by filing only one copy of his brief.

Now worried that the state appellate court would dismiss his case, Stathas brought this denial-of-access-to-the-courts suit against the prison's warden, inmate-complaint examiner, and the state governor, among others. He alleged that the defendants unlawfully denied him a loan and left him without the financial means to afford postage and make copies of his brief, thereby subjecting his case to the risk of dismissal for noncompliance with filing rules.

A magistrate judge screened and dismissed successive versions of Stathas's complaint, explaining that Stathas had not alleged that he suffered any injury. As for Stathas's allegation that the denial of a loan "could" result in his case's dismissal, the judge said that fear of future injury was an insufficient basis upon which to state a denial-of-access claim. Finally, the judge determined that even if the defendants had violated state regulations relating to prison loans, that alone did not amount to a constitutional violation.

On appeal, Stathas contends that he pleaded an adequate injury when he alleged being injured the moment the defendants denied him additional funds to pay for his legal expenses. But pleading a denial-of-access claim, as the magistrate judge properly noted, requires a prisoner to allege that the defendants deprived him of access to the courts *and* that he lost a potentially meritorious claim as a result. See *Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013). Stathas

---

† Stathas consented to magistrate judge jurisdiction, and the state has permissibly given limited consent to magistrate jurisdiction at screening in the Eastern District of Wisconsin through a Memorandum of Understanding. See *Brown v. Peters*, 940 F.3d 932, 935 (7th Cir. 2019).

alleged only the possibility that the Wisconsin Court of Appeals might in the future dismiss his case, not that he already had lost his case. And his brief makes clear that he ultimately did not lose his claim: The Wisconsin appellate court eventually remanded to the trial court to reconsider his case as a petition for a writ of habeas corpus. He thus was not denied access or injured by any lack of access to the courts.

To the extent Stathas sought to sue the defendants for their alleged violation of WIS. ADMIN. CODE DOC 309.51 (the provision allowing prisons to loan up to $200 to inmates for paper, photocopy work, or postage), such violations alone do not infringe the Constitution. A violation of state law does not by itself violate due process. See *Swarthout v. Cooke*, 562 U.S. 216, 221–22 (2011); *Tucker v. City of Chicago*, 907 F.3d 487, 494–95 (7th Cir. 2018). Stathas failed not only to plead a constitutional violation for denial of access to the courts, but also to explain how the defendants' alleged violation of a state policy gave rise to a constitutional claim.

We have considered Stathas's remaining arguments, and none has merit.

AFFIRMED